UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GS HOLISTIC, LLC,

     Plaintiff,

v.                                                                    CASE NO. 3:22-cv-1326-HES-MCR


HUFF & PUFF SMOKE SHOP LLC
d/b/a HUFF & PUFF SMOKE SHOP,
and NASIF ALBCHARA,

     Defendants.

_____/

## **ORDER**

     **THIS CAUSE** is before the Court on Plaintiff's Motion for Entry of

Clerk's Default Against Defendants ("Motion") (Doc. 12). For the reasons

stated herein, the Motion is granted in part and denied in part.

### I.     **Background**

     On December 2, 2022, Plaintiff filed its Complaint for Trademark

Infringement. (Doc. 1.)  On March 3, 2023, Plaintiff filed a return of service

purportedly showing that Defendant, Huff & Puff Smoke Shop LLC, was

served with the summons and Complaint on February 28, 2023.  (Doc. 9.)

Shortly thereafter, Plaintiff filed another return of service purportedly

showing that Defendant, Nasif Albchara, was served on March 7, 2023.

(Doc. 11.)

## II.   Standard

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b).  Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

With regard to an individual, the Federal Rules of Civil Procedure allow for personal service upon an individual within a judicial district of the United States. Fed. R. Civ. P. 4(e)(2)(A).  The process server may deliver a copy of the summons and complaint to the individual personally, or "at the individual's dwelling or usual place of abode or with someone of suitable age and discretion who resides there."  Fed. R. Civ. P. 4(e)(2)(A),(B). Alternatively, the Court may follow "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the

2

district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).  In

Florida, service of original process may be made on an individual by leaving

a copy of the complaint, petition, or other initial pleading "at his or her

usual place of abode with any person residing therein who is fifteen years of

age or older and informing the person of their contents."  Fla. Stat. §

48.031(1)(a).

Federal Rule of Civil Procedure 4(h)(1), governs the service of process

on a corporation, partnership, or association within a judicial district of the

United States and provides that service may be made: "(A) in the manner

prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a

copy of the summons and of the complaint to an officer, a managing or

general agent, or any other agent authorized by appointment or by law to

receive service of process."  Rule 4(e)(1) governs service of process on an

individual within a judicial district of the United States and provides that

service may be made by "following state law for serving a summons in an

action brought in courts of general jurisdiction in the state where the

district court is located or where service is made ...." Fed. R. Civ. P. 4(e)(1)

(emphasis added).  Thus, Florida law governs the service of process at issue.

Section 48.062 governs service of process on Limited Liability

Companies in Florida.  *See* Fla. Stat. § 48.062.  That statute sets forth a

hierarchy of persons who may accept service on an LLC's behalf.  First,

subsection (1) directs plaintiffs to serve the LLC's registered agent or an employee of the registered agent.  See Fla. Stat. § 48.062(1).  If the LLC has no registered agent or if the plaintiff cannot with reasonable diligence serve the registered agent, subsection (2) allows the plaintiff to serve specified members, managers, or designated employees of the LLC. Fla. Stat. § 48.062(2)(a)–(c).  If the plaintiff attempts to serve a member, manager, or designated employee and fails, he may serve a person in charge of the LLC during regular business hours.  *Id.*

Regardless of the method chosen under § 48.062, Fla. Stat., the court must strictly construe the statute and ensure strict compliance with its procedures.  *Florio v. Success Agency LLC*, No. 17-80557-CV, 2017 WL 8897130, at *3 (S.D. Fla. Oct. 30, 2017) ("Since statutes governing service of process are to be strictly construed, § 48.062 must be strictly construed and complied with to validly serve process.") (quotation marks omitted); *Pierre v. Little New Orleans 1 Kitchen & Oyster Bar, L.L.C.*, No. 615CV709ORL40DAB, 2016 WL 721925, at *2 (M.D. Fla. Feb. 24, 2016) (stating that Florida law clearly demands strict compliance with the procedures in § 48.062).  The plaintiff bears the burden of proving valid service of process. *Friedman v. Schiano*, 777 F. App'x 324, 331 (11th Cir. 2019).

### III.  Analysis

### A. Service on Nasif Albchara

The relevant Return of Service states that on March 7, 2023, a process server delivered a true copy of the Summons, Notice of Violation of U.S. Federal Law and Complaint for Injunctive relief and Damages to Nasif Albchara at 9347 Baymeadows Rd, Suite 103, Jacksonville, FL 32256.  Affidavits by process servers constitute a prima facie showing that defendants have been served.  *Udoinyion v. The Guardian Security*, 440 F. App'x 731, 735 (11th Cir. 2011) (unsworn and unsigned letters insufficient to call into question prima facie evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre*, Case No. 12-20197-CIV, 2012 WL 2192438, at *2 (S.D. Fla. June 14, 2012).  Service of process therefore was properly effected under Federal Rule of Civil Procedure 4(e)(2).

Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons and complaint.  Nasif Albchara has failed to do so within the time period; therefore, the entry of Clerk's Default pursuant to Federal Rule of Civil Procedure 55(a) and Middle District of Florida Local Rule 1.07(b) is appropriate.

### B. Service on Huff & Puff Smoke Shop

Conversely, upon review of the docket and applicable law, the Court finds that Plaintiff has not shown that Defendant, Huff & Puff Smoke Shop LLC, has been properly served.  Return of Service states that on February 28, 2023, a process server delivered a true copy of the Summons, Notice of Violation of U.S. Federal Law and Complaint for Injunctive relief and Damages to "Parker Refused Last Name" at 9347 Baymeadows Rd, Suite 103, Jacksonville, FL, 32256.

Plaintiff has failed to prove that it properly effectuated service under Fla. Stat. § 48.062.  Subsection (1) directs plaintiffs to serve the LLC's registered agent or the registered agent's employee.  Fla. Stat. § 48.062(1).  Plaintiff's process server attests that she delivered the summons and Complaint to employee "Parker Refused Last Name."[1] (Doc. 9).  However, Parker is not Defendant's registered agent. (*Id*.). Nor is it clear whether Parker is an employee of the registered agent— as Fla. Stat. § 48.062(1) requires—or simply an employee of Defendant,

---

[1] This Court also finds the failure to provide Parker's last name is an additional reason for denying the Motion as to the corporate Defendant. *See Poschmann v. LRR Margaritaville, LLC*, No. 620CV2043ORL41GJK, 2021 WL 3018171, at *2 (M.D. Fla. Jan. 7, 2021) ("There are three problems with the Affidavit of Service. First, Brandon's last name is not provided.") Plaintiff is advised that failure to provide the served individual's last name in the future will likely result in a finding that service is deficient.

Huff & Puff Smoke Shop LLC. *See Walters v. Fast AC, LLC*, No. 2:19-
CV-70-FTM-38MRM, 2019 WL 13023683 (M.D. Fla. Dec. 12, 2019)
(finding ineffective service under § 48.062 because the plaintiff failed to
explain whether the person served was an employee of the registered
agent or a manager of the defendant's business).  As a result, Plaintiff
has not proven that it properly served Defendant, Huff & Puff Smoke
Shop LLC d/b/a Huff & Puff Smoke Shop under § 48.062(1), Fla. Stat.

Nor has Plaintiff proven that it properly served Defendant under
§ 48.062(2), Fla. Stat.  Although subsection (2) allows substituted
service on a manager, member, or designated employee of the LLC,
Plaintiff offers no proof that Parker held such a position.  *San-Way
Farms, Inc. v. Sandifer Farms, LLC*, No. 8:20-CV-1969-CEH-CPT, 2021
WL 1840769, at *1 (M.D. Fla. May 7, 2021) (finding service invalid
under Fla. Stat. § 48.062 because the plaintiff failed to explain whether
the person served was one authorized to receive service under Fla. Stat.
§ 48.062(2*)); 360 Exterior Sols., LLC v. 360 Bldg. Sols., LLC*, No. 8:20-
CV-1582-CEH-JSS, 2022 WL 218563, at *1 (M.D. Fla. Jan. 25, 2022)
(same).

Accordingly, it is **ORDERED**:

1.      The Motion (**Doc. 12.**) is **GRANTED** as to Nasif Albchara **and**

**DENIED** as to Huff & Puff Smoke Shop LLC d/b/a Huff & Puff Smoke Shop.

2.      The Clerk is directed to enter a Clerk's Default against

Defendant Nasif Albchara.

3.      **On or before May 19, 2023**, Plaintiff shall demonstrate that

service of process has been perfected on Huff & Puff Smoke Shop LLC d/b/a

Huff & Puff Smoke Shop in accordance with all applicable rules and law.

    **DONE AND ORDERED** at Jacksonville, Florida, on April 28, 2023.

.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

8